Harold T. Walker, Chief Counsel Unified Government of Wyandotte County Kansas City, Kansas 701 North Seventh Street Kansas City, Kansas 66101
Dear Mr. Walker:
As counsel for the Unified Government of Wyandotte County/Kansas City, Kansas (UG), you request our opinion on an issue involving county treasurers and interpretation of K.S.A. 79-2024. Specifically, you question whether a county treasurer has authority to abate interest or reduce the outstanding tax liability by adoption of uniform standards applicable to all tax payers.
You cite to Attorney General Opinion No. 94-122, noting that it concludes that K.S.A. 79-2024 does not repeal K.S.A. 79-2803 by implication.[1] Thus, you conclude that K.S.A. 79-2024 allows county treasurers to establish a partial payment plan, whereby a delinquent tax payer may pay the overdue taxes and interest in a series of installments, rather than in a lump sum. You also state: "[t]he logic expressed in AG Opinion No. 94-122 would seem to apply to the statutory process outlined for the reduction of taxes through an appeal or protest option. Equally, the lack of authority to abate interest throughout these statutes would not seem to negate the repeal or amendment by implication by virtue of this statute."
K.S.A. 79-2024 provides:
 "Notwithstanding any other provision of law to the contrary, the county treasurer of every county may accept partial payment of delinquent real property tax in accordance with payment guidelines established therefor by the county treasurer."
We have located several Attorney General Opinions that speak to the issue of how a county treasurer may legally collect delinquent taxes.[2] K.S.A. 2006 Supp. 79-2004, 79-2004a and K.S.A. 79-2024 are the statutes that address partial payments. In reviewing the procedures whereby taxes may be collected, Attorney General Opinion No. 98-29
concluded that K.S.A. 79-2004 does not prohibit counties from establishing an advance payment plan, pursuant to home rule authority. That opinion also stated that such a plan could not conflict with any enactments of the Legislature that apply uniformly to all counties and thus are not susceptible to home rule authority. Likewise, Attorney General Opinion No. 86-96 stated that the statutes concerning payment of real estate and personal property tax allow (but do not require) a county treasurer to accept partial payments on any delinquent tax. Thus, it remains our opinion that K.S.A. 79-2024 allows a county treasurer to discretionarily accept partial payments toward a tax debt up until final foreclosure sale of the property.
Your question also concerns the use of the above quoted language in K.S.A. 79-2024 as authority to abate interest on delinquent tax debts.
Delinquent tax debts accrue interest until the property is sold for taxes or the debt is paid.[3] K.S.A. 2006 Supp. 79-1701 and 79-1701a
permit the correction of clerical errors on tax bills. K.S.A. 2006 Supp.79-1702 authorizes tax grievances to be filed by tax payers. However, pursuant to K.S.A. 79-1703, a county treasurer is not permitted to waive or forgive a tax debt:
 "(a) Except as provided in subsection (b) or as otherwise provided by law, no board of county commissioners or other officer of any county shall have power to release, discharge, remit or commute any portion of the taxes assessed or levied against any person or property within their respective jurisdictions for any reason whatever. Any taxes so discharged, released, remitted or commuted may be recovered by civil action from the members of the board of county commissioners or such other officer and the sureties of their official bonds at the suit of the attorney general, the county attorney, or of any citizen of the county or the board of education of any school district a part of the territory of which is in such county, as the case may be, and when collected shall be paid into the county treasury to be properly apportioned and paid to the county, municipalities, school districts and other taxing subdivisions entitled thereto.
 "(b) In the event a person, partnership or corporation has failed to pay any portion of the taxes assessed or levied against its property located within any county and such person, partnership or corporation is a debtor in an action filed pursuant to the United States bankruptcy code, the county commissioners of any such county may compromise, assign, transfer or otherwise settle such tax claim in such fashion as the commissioners deem to be in the best interest of the state and all taxing subdivisions affected thereby, subject to approval by the state board of tax appeals; except that, the state and each other taxing subdivision affected by any such settlement shall receive the same proportional share of its respective tax claim. The state board of tax appeals shall respond to such settlement request within 30 days from the date of receiving such request or such request shall be deemed approved."[4]
Thus, except for very limited exceptions, no board of county commissioners or other officer of the county has the authority to release, discharge, remit or commute any portion of taxes that have been levied or assessed against a person or property.[5]
K.S.A. 79-2023 provides Wyandotte County with special tax amnesty authority. It provides in part:
 "(a) In accordance with the provisions of this section, the board of county commissioners of Wyandotte county may institute and administer a property tax accumulated interest amnesty program. Such program shall only be in effect for a 60-day period as specified by such board, and shall be instituted and completed prior to July 1, 1995. Notice of the institution and time period of such program shall be by publication in a newspaper having general circulation in the county. Also, notices shall be mailed to the owner of any homestead or other property who may qualify to participate in the program.
 "(b) Upon completion and execution of an application affidavit for eligibility for participation in the amnesty program by a qualified person, and payment of all or a portion of delinquent property tax, the county treasurer shall cancel all accumulated interest which has accrued upon the amount of such tax paid."
This authority was limited to a one-time event and did not provide Wyandotte County with perpetual authority to grant tax debtors an abatement or amnesty with regard to all tax debts. We believe that because K.S.A. 79-2023 and 79-2024 were both adopted in 1994, as part of the same enactment,[6] it is clear that the Legislature did not believe that K.S.A. 79-2024 provided all counties with authority to grant abatement or amnesty for interest on delinquent taxes. To hold otherwise would make the provisions of K.S.A. 79-2023 unnecessary or redundant.
In conclusion, it is our opinion that K.S.A. 79-2024 allows a county treasurer to discretionarily accept partial payments towards a tax debt up until the final foreclosure sale of the property. However, K.S.A.79-2024 does not authorize the county treasurer to abate or forgive delinquent tax or interest on tax debts, which remains prohibited by K.S.A. 79-1703.
Sincerely,
 Paul J. Morrison Attorney General
 Theresa Marcel Bush Assistant Attorney General
PJM:MF:TMB:jm
[1] K.S.A. 79-2803 concerns joinder of tax issues at trial, tax judgments and redemption before day of sale.
[2] See Attorney General Opinions No. 81-42, 85-100, 86-96, 91-5, 91-6, 91-34, 93-97, 96-50 and 98-29.
[3] K.S.A. 2006 Supp. 79-2004(d).
[4] Emphasis added.
[5] K.S.A. 79-1703(b) acknowledges that bankruptcy situations may change this rule; K.S.A. 79-2014 provides some flexibility in cases involving mineral interests; and K.S.A. 79-2811 speaks to sale of property when delinquent tax is still owed.
[6] L. 1994, Ch. 267.